United States District Court
Southern District of Texas
**ENTERED**
December 23, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § | CRIMINAL ACTION NO. 5:22-CR-842 |
| ALFONSO CHAVEZ | § § § | |

## MEMORANDUM OPINION AND ORDER

Defendant has moved to withdraw his guilty plea, arguing his conviction is barred by the statute of limitations (Dkt. No. 39). For the reasons stated below, the motion is **DENIED**.

### I.  BACKGROUND

Defendant was removed from the United States in 2011 (Dkt. No 1). He returned two years later (Dkt. No. 39). On June 30, 2017, Defendant sustained injuries in a car accident and received treatment at Brooke Army Medical Center (Dkt. Nos. 39, 39-2). Approximately five years later, on June 4, 2022, Border Patrol Agents arrested Defendant (Dkt. No. 1). The Court appointed Federal Public Defender Tito Alfaro as counsel (*see* Dkt. No. 6). On June 28, 2022, a grand jury indicted Defendant for illegal reentry in violation of 8 U.S.C. § 1326 (Dkt. No. 11). In August 2022, Defendant entered a cold guilty plea (Dkt. Nos. 17, 18). Several months later, Defendant moved to substitute Mr. Alfaro with John M. Bray, and Mr. Bray filed a motion to withdraw Defendant's guilty plea (Dkt. Nos. 38, 39).

In the motion to withdraw, Mr. Bray argues the statute of limitations bars Defendant's illegal reentry charge (Dkt. No 39). Mr. Bray notes that Defendant's previous attorney, Mr. Alfaro, did not apprise Defendant of this defense (*id.*). Because Defendant was not aware of this defense, Mr. Bray argues Defendant did not knowingly and intelligently plead guilty (*id.*).

## II. LEGAL STANDARD

### A. Withdrawing Guilty Pleas

After the Court has accepted a defendant's guilty plea, the defendant may withdraw his plea if he "can show a fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). The Court bases its decision on the totality of the circumstances, considering the seven *Carr* factors. *United States v. Lord*, 915 F.3d 1009, 1014 (5th Cir. 2019). For this matter, two *Carr* factors are relevant: (1) whether the plea was knowing and voluntary, and (2) whether the defendant received close assistance of counsel. *Id.* (citing *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984)). A plea is knowing and voluntary if the defendant has full knowledge of the plea and its consequences, and "the factual conduct to which the defendant admits is sufficient as a matter of law to constitute a violation of the statute." *Id.* at 1016.

### B. Statute of Limitations

Illegal reentry charges carry a five-year limitations period. 18 U.S.C. § 3282(a). The statute of limitations begins running when the defendant is "found" within the United States. *United States v. Santana-Castellano*, 74 F.3d 593, 597 (5th Cir. 1996). A defendant is "found" when immigration authorities have "(1) actual knowledge of

the alien's physical presence, and (2) actual or constructive knowledge that the alien's presence is illegal." *United States v. Ramirez-Salazar*, 819 F.3d 256, 258 (5th Cir. 2016).

### III.  DISCUSSION

Mr. Bray's motion does not mention the *Carr* factors at all. Citing no relevant case law and conducting no meaningful analysis, Mr. Bray argues the statute of limitations bars Defendant's conviction (Dkt. No. 39). Mr. Bray avers that, because Defendant was unaware of this defense at the time of his plea, the plea was not "knowing and intelligent" (*id.*). Mr. Bray's arguments are frivolous.

**A.  Defendant's Plea Was Knowing and Voluntary.**

Because no statute of limitations defense is available, Defendant's plea was knowing and voluntary. Indeed, Mr. Bray blatantly misrepresents the strength of Defendant's statute of limitations defense. Mr. Bray argues that Defendant was "found" at Brooke Army Medical Center in June 2017, and thus the five-year statute of limitations had lapsed when Defendant was indicted on June 28, 2022. Mr. Bray's argument fails on two grounds.

First, the military hospital's knowledge of Defendant's presence cannot be imputed to immigrations authorities. In *United States v. Compian-Torres*, the Fifth Circuit explained that, where another government authority encounters an alien, that knowledge is not imputed to immigration authorities. 712 F.3d 203, 208–09 (5th Cir. 2013). Therefore, Defendant was not "found" by immigration authorities during

3

his June 2017 hospital stay. Rather, he was "found" by immigration authorities on June 4, 2022—the date Border Patrol Agents arrested him (*see* Dkt. No. 1).

Second, even if Defendant had been "found" during his hospital stay, he was indicted within the statute of limitations. Medical records show Defendant was admitted to Brooke Army Medical Center on June 30, 2017 (*see* Dkt. No. 39-2). Based on this date, the statute of limitations lapsed on June 30, 2022. Defendant was indicted on June 28, 2022—two days earlier (Dkt. No. 11).[1] Because the statute of limitations defense is meritless, Defendant's plea was knowing and voluntary.

### B. Close Assistance of Counsel

Mr. Bray does not directly address the "close assistance of counsel" factor in the motion to withdraw. However, in an unsworn affidavit attached to the motion, Defendant suggests Mr. Alfaro did not inform him of the immigration consequences of pleading guilty (Dkt. No. 39-1). Defendant asserts that, "had [he] known that pleading guilty" would deprive him of all "immigration benefits," he would have "tried to fight this charge" (Dkt. No. 39-1).

The Court takes allegations about counsel's potential misconduct seriously. Having thoroughly reviewed the record, the Court finds Mr. Alfaro afforded Defendant close assistance of counsel. During the Rule 11 colloquy, the magistrate judge spoke to Defendant about the immigration consequences of his guilty plea (Aug. 10, 2022 Hrg. at 9:55). Under oath, Defendant affirmed he had discussed immigration consequences with Mr. Alfaro, and that he understood he was "facing deportation,

---

[1] The motion to withdraw conveniently omits the precise date of Defendant's admission to the hospital (*see* Dkt. No. 39). Mr. Bray's misrepresentation of the record is deeply concerning.

4

removal, exclusion, denial of citizenship and admission to this country in the future should [he] be convicted" (*id.*). These statements confirm that Defendant received close assistance of counsel. *See United States v. Urias-Marrufo*, 744 F.3d 361, 365 (5th Cir. 2014).

## IV. CONCLUSION

Although defense attorneys have "a duty to advocate all colorable claims and defenses," they must not "clog the courts with frivolous motions." *Polk Cnty. v. Dodson*, 454 U.S. 312, 323 (1981). Here, Mr. Bray filed a motion that failed to discuss the relevant legal standards and relied on misleading representations of the record.

For the foregoing reasons, Defendant's motion to withdraw (Dkt. No. 39) is **DENIED**. Mr. Bray is hereby **NOTICED** that future frivolous filings may result in a show cause hearing and sanctions.

It is so **ORDERED**.

**SIGNED** December 22, 2022.

_____
Marina Garcia Marmolejo
United States District Judge